BRETT A. SHUMATE
Assistant Attorney General
Civil Division
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
HUNTER B. THOMSON
Assistant United States Attorney
Acting Chief, Civil Fraud Section
AARON KOLLITZ
Assistant United States Attorney
California State Bar No. 238580
    300 North Los Angeles Street, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2083
    E-mail: aaron.kollitz@usdoj.gov

BRENNA E. JENNY
Deputy Assistant Attorney General
JAMIE ANN YAVELBERG
ANDY MAO
LINDSAY DEFRANCESCO
ELIZABETH J. KAPPAKAS
Attorneys, Civil Division
    U.S. Department of Justice
    175 N Street, NE
    Washington, DC 20002
    (202) 305-2479
    Email: Elizabeth.J.Kappakas@usdoj.gov

Attorney for the United States of America

**FILED**
CLERK, U.S. DISTRICT COURT

11-25-2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ PG _____ DEPUTY

**SEALED**

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* **[UNDER SEAL]**,<br><br>    Plaintiff[s],<br><br>    v.<br><br>**[UNDER SEAL]**,<br><br>    Defendant[s]. | No. CV 24-02686 SPG (DFMx)<br><br>UNITED STATES' NOTICE OF INTERVENTION AND MOTION TO DISMISS PURSUANT TO U.S.C. 31 § 3730(c)(2)(A); DECLARATION OF AARON KOLLITZ IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: [PROPOSED] ORDER] |

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
HUNTER B. THOMSON
Assistant United States Attorney
Acting Chief, Civil Fraud Section
AARON KOLLITZ
Assistant United States Attorney
California State Bar No. 238580
     300 North Los Angeles Street, Suite 7516
     Los Angeles, California 90012
     Telephone: (213) 894-2083
     E-mail: aaron.kollitz@usdoj.gov

BRENNA E. JENNY
Deputy Assistant Attorney General
JAMIE ANN YAVELBERG
ANDY MAO
LINDSAY DEFRANCESCO
ELIZABETH J. KAPPAKAS
Attorneys, Civil Division
     U.S. Department of Justice
     175 N Street, NE
     Washington, DC 20002
     (202) 305-2479
     Email: Elizabeth.J.Kappakas@usdoj.gov

Attorney for the United States of America

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>CRESTVIEW CLINICAL LABORATORY, LLC,<br><br>Defendant. | No. CV 24-02686 SPG (DFMx)<br><br>UNITED STATES' NOTICE OF INTERVENTION AND MOTION TO DISMISS PURSUANT TO U.S.C. 31 § 3730(c)(2)(A); DECLARATION OF AARON KOLLITZ IN SUPPORT THEREOF<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED/LODGED CONCURRENTLY UNDER SEAL: [PROPOSED] ORDER] |

2

The United States respectfully submits this notice of intervention and moves to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A) of the False Claims Act ("FCA") with prejudice as to Relator and without prejudice to the United States. The United States is entitled to dismissal of Relator's Complaint under *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023), and the applicable standard of Fed. R. Civ. P. 41(a)(1).

In connection with this filing, the United States also requests that the seal be lifted over Relator's Complaint, Relator's Amended Complaint, this Notice of Intervention and Motion to Dismiss, any related briefing, and all other subsequent filings.

## I.      BACKGROUND

### A.      FCA Overview

The FCA, 31 U.S.C. §§ 3729-3733, imposes civil penalties and treble damages on any person or entity that (1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," in violation of § 3729(a)(1)(A); (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," in violation of § 3729(a)(1)(B); and (3) "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay . . . or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay" to the United States," in violation of § 3729(a)(1)(G). Civil suits to enforce the FCA may be brought either by the Attorney General, *id.* § 3730(a), or by a private person who files suit "for the person and for the United States Government" in the name of the United States, *id.* § 3730(b)(1).

The private person is known as a "relator," and the suit is called a *qui tam* action. *Polansky*, 599 U.S. at 424. Though filed by a private party, such suits are brought "in the name of the Government," and "the injury they assert is exclusively to the Government." *Id.* at 424-425. For this reason, the FCA vests the Government considerable control over such actions brought in the name of the Government. Where the United States intervenes in a *qui tam* action, as it does here, it assumes the "primary responsibility for prosecuting

the action" and is not bound by any act of the relator. 31U.S.C. § 3730(c)(1). As the party with primary responsibility over the action, the United States may proceed with the action, settle the case over the relator's objection, *id.* § 3730(c)(2)(B), or dismiss the case over the relator's objection, *id.* § 3730(c)(2)(A).

### B.    Relator's *Qui Tam* Allegations

Relator John Doe filed this case on December 12, 2024, alleging that defendant submitted false claims to the ("HRSA") COVID-19 Claims Reimbursement to Health Care Providers and Facilities for Testing, Treatment, and Vaccine Administration for the Uninsured Program (the "UIP") for services not rendered and/or fictitious patients. Declaration of Aaron Kollitz ("Kollitz Decl.") ¶ 2; Complaint ("Compl.") ¶ 2. Relator filed an amended complaint on August 15, 2025, adding allegations that defendant submitted claims for patients with insurance, among others. Kollitz Decl. ¶ 3; Amended Complaint ("Amended Compl.") ¶ 2. During the pandemic, the UIP reimbursed providers for COVID-19 tests, testing-related services, treatment, and vaccines performed on people who were uninsured. *Id.*  ¶¶ 30-31, 44.

HRSA contracted with UHG to administer the UIP program. *Id.* ¶ 58. UHG managed the portal through which providers could submit claims to the UIP, processed UIP reimbursements, and maintained the UIP data.[1] *Id.*

## II.    ARGUMENT

### A.    As the Real Party in Interest, the United States is Permitted to Intervene and Voluntarily Dismiss For Any Reason

Once the United States intervenes in a *qui tam* action, the FCA authorizes it to dismiss such an action, even if the relator objects: "The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided

---

[1] ████████████████████████████████████████

the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A).

The Supreme Court's decision in *Polansky* confirmed that district courts should apply the standard of Fed. R. Civ. P. 41(a) when evaluating a dismissal sought under § 3730(c)(2)(A). *Polansky*, 599 U.S. at 424 ("We . . . hold that in handling such a motion, district courts should apply the rule generally governing voluntary dismissal of suits: Federal Rule of Civil Procedure 41(a)."). When the defendant has not yet served an answer or motion for summary judgment, as is the case here, Rule 41(a) permits a plaintiff to voluntarily dismiss its case for any reason by filing a notice of dismissal. In this circumstance, the Court "has no adjudicatory role" other than to dismiss the action, except where dismissal may implicate Constitutional constraints. *Polansky*, 599 U.S. at 436 n.4.

Specifically, in addressing how to reconcile a relator's right to a hearing with the fact that the district court has no adjudicatory role under Fed. R. Civ. P. 41(a)(1) (other than to grant the Government's motion to dismiss), the Supreme Court in *Polansky* suggested that a hearing might inquire into any credible allegations that dismissal violates "bedrock constitutional constraints on Government action," such as a violating the relator's rights to due process or equal protection. *Polansky*, 599 U.S. at 436 n.4. Because the relator in *Polansky* did not raise any such claim, the Supreme Court did not elaborate on what would constitute such a constitutional violation. Consistent with Rule 41(a)(1), though, the Supreme Court was careful to emphasize that in the absence of any constitutional impediment, the district court must grant a motion to dismiss under § 3730(c)(2)(A) where, as here, the Government files such a motion prior to any answer or motion for summary judgment. Even in cases where a defendant has answered, the Government's motion to dismiss an FCA case "will satisfy Rule 41 in all but the most exceptional cases" and "a district court should think several times over before denying" it. *Id.* at 437-38.

**B.     The United States is Entitled to Dismiss Relator's *Qui Tam***

The Government carefully assessed relator's allegations and determined that

dismissal serves the public interest. The Government also seeks dismissal because continuation of the action will involve the expenditure of government resources. Moreover, if the Government were to decline and permit Relator to proceed with his action, the Government would have to expend resources to comply with potential discovery and litigation obligations. *United States ex rel. CMB Export, LLC v. Tonopah Solar Energy LLC, et al.*, 2025 WL 2029831, at *2 (D. Nev. July 18, 2025) (reasoning that "[t]he government need not provide a detailed evidentiary record to justify its decision, as its explanation that dismissal serves the public interest and conserves resources is a legally sufficient basis for both intervention and dismissal under §3730(c)(2)(A)" and granting dismissal). Dismissal of this matter does not implicate any constitutional concerns. As such, under *Polansky* and Fed. R. Civ. P. 41(a)(1), the United States is entitled to dismiss this action under 31 U.S.C. § 3730(c)(2)(A).

   **C.     No In-Person Hearing Necessary**

   An in-person hearing is not required and would not aid the Court in adjudicating the Government's motion to dismiss. Even after the Supreme Court's decision in *Polansky*, Courts of Appeals have consistently held that no in-person hearing is required when the Government seeks pre-answer dismissal of a *qui tam* action under Rules 41(a)(1). *See U.S. ex rel. Doe v. Credit Suisse AG*, 117 F.4th 155 (4th Cir. 2024); *Vanderlan v. United States*, 135 F.4th 257, 266 (5th Cir. 2025) ("subparagraph (c)(2)(A) . . . only requires a hearing on the briefs"); *United States ex rel. USN4U, LLC v. Wolf Creek Federal Services, Inc. et al.*, 2025 WL 1009012, at *8 (6th Cir. March 31, 2025) (explaining that written briefing is sufficient to satisfy (c)(2)(A)'s hearing requirement); *Brutus Trading, LLC v. Standard Chartered Bank*, 2023 WL 5344973, at *3 (2nd Cir. Aug. 21, 2023) ("the district court met the hearing requirement by carefully considering the parties' written submissions").

**III.   CONCLUSION**

   For the foregoing reasons, the United States respectfully requests that this case be dismissed pursuant to 31 U.S.C. § 3730(c)(2)(A), and that the dismissal be with

prejudice to Relator and without prejudice to the United States.

Dated: November 13, 2025          Respectfully submitted

                         BRETT A. SHUMATE
                         Assistant Attorney General
                         Civil Division
                         BILAL A. ESSAYLI
                         First Assistant United States Attorney
                         DAVID M. HARRIS
                         Assistant United States Attorney
                         Chief, Civil Division
                         HUNTER B. THOMSON
                         Assistant United States Attorney
                         Actin  Chief, Civil Fraud Section

                         _____
                         AARON KOLLITZ
                         Assistant United States Attorney

                         BRENNA E. JENNY
                         Deputy Assistant Attorney General
                         JAMIE ANN YAVELBERG
                         ANDY MAO
                         LINDSAY DEFRANCESCO
                         ELIZABETH J. KAPPAKAS

                         Attorneys for the United States of America

## DECLARATION OF AARON KOLLITZ

I, AARON KOLLITZ, declare:

1.      I am an Assistant United States Attorney ("AUSA") who has been assigned responsibility for handling this action with Department of Justice ("DOJ") Trial Attorneys Lindsay DeFrancesco and Elizabeth J. Kappakas. This declaration is offered in support of the United States' Notice of Intervention and Motion to Dismiss Pursuant to 31 U.S.C. § 3730(c)(2)(A).

2.      Based upon my review of our office's file in this action and discussions with my colleagues in the DOJ, the Relator filed the Complaint or about December 12, 2024.

3.      The Relator filed an Amended Complaint on or about August 15, 2025.

4.      On July 9, 2025, Trial Attorneys DeFrancesco and Kappakas informed Relator's counsel that they would likely seek to dismiss Relator's Complaints and explained its reasons for doing so. Relator subsequently filed amended complaints in nine of the *qui tam* actions in this district, including this case.

5.      On October 7, 2025, Trial Attorneys DeFrancesco and Kappakas, and I, had a call with Relator's counsel, during which the Government confirmed it was going to seek dismissal of this *qui tam* action, in compliance with Civil Local Rule 7-3, and again addressed its bases for doing so. At Relator's counsel's request, the Government reiterated its position and reasons for seeking dismissal during a call on October 22, 2025 for the benefit of new counsel. The parties had multiple follow-up discussions to determine whether an alternative resolution, including voluntary dismissal by Relator, was possible, but the parties were unable to reach an agreement.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

8

6.      As such, on October 30, 2025, the Government notified counsel that it would be proceeding with the motion to dismiss.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2025, at Los Angeles, California.

_____
AARON KOLLITZ